No. 19,247.

TRAILER TOWNS, INC., ET AL. *v.* BOARD OF ADJUSTMENT OF
JEFFERSON COUNTY, ET AL.

(356 P. [2d] 251)

Decided October 31, 1960

Messrs. DONALDSON, HOFFMAN & GOLDSTEIN, for plaintiffs in error.

Mr. RONALD J. HARDESTY, Mr. HAROLD D. LUTZ, for defendants in error.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

AN opinion in this case was announced on April 11, 1960, and petition for rehearing granted on May 2, 1960. The original opinion is withdrawn, and the following is substituted therefor.

The parties appear here in the same order they appeared in the trial court, and we refer to them as plaintiff and defendants.

Plaintiff is the owner of thirteen acres of land in an unincorporated portion of Jefferson County known as 4055 Kipling Street, and by Zoning Resolution Section 11 is included within an R-C Residential Commercial District, which reads:

"No building or land shall be used and no building shall be hereafter erected, converted or structurally altered, unless otherwise provided herein, except for one or more of the following uses:

1. *Any use permitted in any Residential District.*

2. Stores for retail trade, but not including lumber yards, fuel or feed stores.

3. Advertising signs (illuminated or otherwise) used in connection with other uses permitted by this section, on the same premises.

4. Service establishments such as cleaning and pressing establishments, barber shops, beauty parlors, and restaurants.

5. Garages, or motor fuel filling stations (but not including unhoused storage or repair facilities). (For permitted above-ground storage of inflamable liquies, see Section 19).

6. Motor vehicles display and sales buildings (but not including unhoused display or storage facilities).

7. Assembly halls.

8. Business or professional offices.

9. Such other uses which are not more detrimental to the highest and best uses of land in said district than are the uses hereinbefore enjmerated."

The same resolution, by Section 8: R-T *Residential*

*Trailer District,* provides for the use of lands for trailer parks.

On February 26, 1959, plaintiff applied to the building inspector for a building permit to construct a 107-unit trailer camp on the above described property. This application was denied for the reason that the zoning regulations allegedly confined trailer camps to lands zoned as R-T Residential Trailer District.

On March 11, 1959, plaintiff applied to the defendant adjustment board for review and reversal of the building inspector's denial of the building permit requested. Upon hearing the board of adjustment denied plaintiff's application.

Plaintiff presented the matter to the district court by certiorari, and the court sustained the ruling of the adjustment board and dismissed the complaint. Plaintiff is here by writ of error seeking reversal.

Defendants, through counsel who represented them in the trial court, entered their appearance here but have filed no brief, although, at the request of counsel for defendants, additional time was granted therefor. Nor did defendants file briefs within the time allotted after rehearing was granted.

The zoning resolution specifies nine uses to which property zoned as R-C Residential Commercial may be put. Because Section 8 of the resolution classifies land usage for trailer parks as *R-T Residential Trailer District,* the defendants, by refusal to grant the permit, in effect delete from Section 11 of the resolution the provisions of subparagraph 1, "Any use permitted in *any* Residential District." A residential trailer district is embraced within the term "any Residential District."

It may be that such was not intended by the planning commission, but the plaintiff was and is justified in being guided by the wording of the resolution rather than by a secret or unexpressed intent of the commission.

The planning commission and board of county commissioners printed and distributed the resolution up-

on which plaintiff relies. As a part of the foreward thereto, the resolution states:

"In order to meet the convenience of the property owners, realtors, and other interested citizens of Jefferson County, the County Planning Commission and Board of County Commissioners have printed this resolution for public distribution. * * *."

Having made the rules, the planning commission, county commissioners, board of adjustment, building inspector, and all others, are obligated to abide by them, and the trial court should have so ordered.

The judgment is reversed.

MR. JUSTICE MOORE does not participate.